IN THE COUNTY CIVIL COURT OF THE
4TH JUDICIAL CIRCUIT DUVAL COUNTY,
STATE OF FLORIDA

RACHEL FANDINO,

            Plaintiff,

-vs-

                                        Case No.
                                        HON.

GC SERVICES LIMITED PARTNERSHIP-DELAWARE.,

            Defendant.  *3:10-cv-855-J-34TEM*

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **RACHEL FANDINO**, by and through counsel, brings this action against the above listed Defendant, **GC SERVICES LIMITED PARTNERSHIP-DELAWARE.,** (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The Plaintiff bring this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages, costs and attorney's fees.

## II. PARTIES

1.

The Plaintiff is natural persons and consumers, resident of Duval County, Florida, and a consumer as defined by 15 U.S.C. § 1692a(3).

2.

The Defendant is a Debt Collector located in the State of Texas, with the actions in this case taking place at Plaintiff's home location in Florida.

3.

The Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. §1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(1) Simulate in any manner a law enforcement officer or a representative of any governmental agency;

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(12) Orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt; and .

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who

suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.  In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

### 18.

Plaintiff has received numerous, harassing phone calls from Defendant representatives in regards to the collection of the alleged debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 4, 5, 6, 7, 8 and 10.**

### 19.

Defendant has threatened to file a lawsuit against Plaintiff, and to date, no such lawsuit has been filed. **Please see attached Exhibit No. 1. Para. 2.**

### 20.

Defendant has called Plaintiff daily in an attempt to collect on the debt. **Please see attached Exhibit No. 1. Para. 4.**

### 21.

Plaintiff has repeatedly asked Defendant to stop calling her on her cell phone and at work.  However, Defendant continues to call Plaintiff on her cell phone and at work. **Please see attached Exhibit No. 1. Paragraphs 4 and 5.**

22.

Defendant has threatened to make life hard for Plaintiff as it relates to the alleged debt. **Please see attached Exhibit No. 1. Para. 3.**

23.

Defendant has been rude and abusive in their contacts with Plaintiff. **Please see attached Exhibit No. 1. Paragraphs 3, 2, 6 and 12.**

24.

Defendant has contacted Plaintiff's work supervisor, Rebecca Kimbrell, on numerous occasions even after being asked to not call the work place. **Please see attached Exhibit No. 1. Paragraphs 4, 5, 7 8, 9, 10, 12. Please also see attached Exhibit No. 3.**

25.

Rebecca Kimbrell has advised Defendant that Plaintiff is not allowed to receive calls at the work place.  However, Defendant continues to call Plaintiff.  **Please see attached Exhibit No. 1. Paragraphs 8 and 9.**

26.

Defendant has disclosed to Rebecca Kimbrell that Plaintiff owes an alleged debt.  **Please see attached Exhibit No. 1. Para. 8. Please also see attached Exhibit No. 3.**

27.

Defendant has threatened to garnish Plaintiff's wages as it relates to the alleged debt. Defendant has even called the HR department at Plaintiff's work place.  To date, Plaintiff's wages have not been garnished. . **Please see attached Exhibit No. 1. Paragraphs 6, 8 and 10. Please also see attached Exhibit No. 3.**

28.

Defendant has failed to state its identity when communicating with Plaintiff. **Please see attached Exhibit No. 1. Para. 11.**

29.

Defendant has failed to send Plaintiff written notice of the alleged debt within 5 days of initial contact. **Please see attached Exhibit No. 1. Para. 13.**

30.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 2.**

31.

Plaintiff seeks judgment against the Defendant in whatever amount less than $15,000 that Plaintiff is entitled to and the costs and expenses of this action.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

32.

The Defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see attached Exhibit No. 1. Paragraphs 2, 6 and 11.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the

collection of a debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10 and 12.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see attached Exhibit No. 1. Paragraphs 2 and 6.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 5, 6, 7, 8, 9, 10 and 12.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see attached Exhibit No. 1. Paragraphs 3, 4, 5, 6, 7, 8, 9, 10 and 12.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer. **Please see attached Exhibit No. 1. Paragraphs 2, 3 and 12.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(3) by falsely representing or implying that any individual is any attorney or that any communication is from an attorney.

**Please see attached Exhibit No. 1. Paragraphs 2 and 6.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any

action that cannot legally be taken or that is not intended to be taken. **Please see attached**

**Exhibit No. 1. Paragraphs 2 and 6.**

40.

Defendant has violated the FDCPA 15 U.S.C §1692c(a)(1) by communicating with the

consumer at any unusual time or place known or which should be known to be inconvenient to

the consumer, including calling the consumer before 8:00 a.m. and after 9:00 p.m. **Please see**

**attached Exhibit No. 1. Paragraphs 4, 5, 7, 8, 9 and 10. Please also see attached Exhibit No.**

**3.**

41.

Defendant has violated the FDCPA 15 U.S.C §1692c(c) by not ceasing further

communication with the consumer after the consumer notified the debt collector that the

consumer wishes the debt collector to cease further communication. **Please see attached Exhibit**

**No. 1 Paragraphs 4, 5, 7, 8, 9 and 10. Please also see attached Exhibit No. 3.**

42.

Defendant has violated the FDCPA 15 U.S.C §1692d(6) by placing telephone calls

without meaningful disclosure of the caller's identity. **Please see attached Exhibit No. 1. Para.**

**11.**

43.

Defendant has violated the FDCPA 15 U.S.C §1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. **Please see attached Exhibit No. 1. Para. 11.**

44.

Defendant has violated the FDCPA 15 U.S.C §1692f(1) by attempting to collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law. Please see attached Exhibit No. 1. Para. 6.

45.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b by communicating with any person other than the consumer for purposes other than acquiring location information. **Please see attached Exhibit No. 1. Paragraphs 8, 9 and 10. .**

46.

·Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any person other than the consumer and stating that such consumer owes a debt. **Please see attached Exhibit No. 1. Paragraphs 8, 9 and 10.**

47.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(3) by communicating with any person other than the consumer more than once. **Please see attached Exhibit No. 1. Paragraphs 8, 9 and 10.**

48.

Defendant has violated the FDCPA, 15 U.S.C. 1692f(6)(A) by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is not present right to possession of the property. **Please see attached Exhibit No. 1. Para. 6.**

49.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see attached Exhibit No. 1. Para. 11.**

50.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see attached Exhibit No. 1. Para. 11.**

51.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. **Please see attached Exhibit No. 1. Para. 11.**

52.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see attached Exhibit No. 1. Para. 11.**

53

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a)(5) by failing to provide Plaintiff

within five days of the initial communication with a statement that, upon the consumer's written

request within the thirty-day period, the debt collector will provide the consumer with the name

and address of the original creditor, if different from the current creditor. **Please see attached**

**Exhibit No. 1. Para. 11.**

54.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual,

emotional and financial damages and also seeks her attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

55.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to

collect on a debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10 and**

**12.**

56.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive

language in communicating with the debtor. **Please see attached Exhibit No. 1. Paragraphs 2,**

**3, 6 and 12.**

57.

Defendant has violated  559.72 (10) by using a communication which simulates in any

manner legal or judicial process or which gives the appearance of being authorized, issued or

approved by a government, governmental agency, or attorney at law, when it is not. **Please see
attached Exhibit No. 1. Paragraphs 2, 3 and 6.**

58.

Defendant has violated  559.72 (12) by orally communicating with a debtor in such a
manner as to give the false impression or appearance that such person is or is associated with an
attorney. **Please see attached Exhibit No. 1. Paragraphs 2,3 and 6.**

59.

Defendant has violated  559.72 (1) by simulating in any manner a law enforcement
officer or a representative of any governmental agency. **Please see attached Exhibit No. 1.
Paragraphs 2, 3 and 6.**

60.

Defendant has violated  559.72 (9) by claiming, attempting or threatening to enforce a
debt when such person knows that the debt is not legitimate or assert the existence of some other
legal right when such person knows that the right does not exist. **Please see attached Exhibit
No. 1. Paragraphs 2,3 and 6.**

61.

Defendant has violated  559.72 (15) by refusing to provide adequate identification of
herself or himself or her or his employer or other entity whom she or he represents. **Please see
attached Exhibit No. 1. Para.  11.**

62.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

63.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FCCPA.

64.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 17 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

65.

Plaintiffs seek judgment against the Defendant in whatever amount that Plaintiff is entitled to less than $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1.    For compensatory damages;

2.    For statutory damages under the FDCPA;

3.    For $1,000 and actual damages under 559.72;

4.    For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;

5.    For Damages under the FCCPA, and

6.    For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 19th day of August, 2010.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
brianparker@collectionstopper.com

Exhibit No. 1

## AFFIDAVIT OF RACHEL FANDINO

STATE OF FLORIDA )

COUNTY OF DUVAL )

RACHEL FANDINO being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.  This is a consumer debt and not a business debt.

2.  GC SERVICES LIMITED PARTNERSHIP-DELAWARE has threatened me stating, if my debt was not paid, there would be a lawsuit filed against me.

3.  Representative, Grace, from GC SERVICES LIMITED PARTNERSHIP-DELAWARE has told me she can make it easier for me or harder.

4.  GC SERVICES LIMITED PARTNERSHIP-DELAWARE has called me everyday, if they cannot reach me on my cell phone, they call me on my work number.

5.  I am not allowed to have personal calls at my workplace, however, GC SERVICES LIMITED PARTNERSHIP-DELAWARE continues to call me at my workplace.

6.  I have been threatened with garnishment by representatives stating, "If you do not make payment today, we will garnish your wages."

7.  I have asked representatives to stop calling me on both my cell and work number and they have continued to call me.

8. GC SERVICES LIMITED PARTNERSHIP-DELAWARE has even called and spoke to my supervisor, Rebeeca Kimbrell, advising her that they were a debt collector looking to collect a debt.

9. My supervisor, Rebeeca Kimbrell, has told representatives I am not allowed to have personal calls at my work place.

10. GC SERVICES LIMITED PARTNERSHIP-DELAWARE has called my supervisor at least 4-5 times.

11. GC SERVICES LIMITED PARTNERSHIP-DELAWARE representatives only say the name of their company sometimes, in conversations.

12. I have been yelled at in conversations by representative Grace of GC SERVICES LIMITED PARTNERSHIP-DELAWARE. She has threatened to contact my place of employment, which she did.

13. I did not receive anything in writing from GC SERVICES LIMITED PARTNERSHIP-DELAWARE within the first five days of them contacting me. When I asked representatives for writing, they refused stating we cannot because we are a third party. The letter I received from GC SERVICES LIMITED PARTNERSHIP-DELAWARE is dated 7/18/2010, I started receiving calls in June.

Further, Deponent sayeth not.

_Rachel Fandino_
Rachel Fandino

Subscribed and sworn to before me
this ____ day of _____ 2010.

_____
Notary Public

STATE OF _Florida_
COUNTY OF _Duval_
The foregoing instrument was acknowledged
before me this ___ day of ___ by _Rachel_
_Fandino_ who is personally known to
me or who has produced _F U L 4 P 535 720_
_865 99-0_ as indentification.

ELIZABETH DABU
Commission DD 775111
Expires April 2, 2012
Bonded Thru Troy Fain Insurance 800-885-7019

Exhibit No. 2

## Debt Collection Damages

These are my damages:

| | | |
|---|---|---|
| Sleeplessness | (Yes) | No |
| Fear of answering the telephone | (Yes) | No |
| Nervousness | (Yes) | No |
| Fear of answering the door | Yes | (No) |
| Embarrassment when talking to or seeing friends or family | (Yes) | No |
| Depression (sad, anxious, or "empty" moods) | (Yes) | No |
| Chest Pain | Yes | (No) |
| Feelings of hopelessness, pessimism | (Yes) | No |
| Feelings of guilt, worthlessness, helplessness | (Yes) | No |
| Appetite and/or weight loss or overeating and weight gain | (Yes) | No |
| Thoughts of death or suicide; suicide attempts | Yes | (No) |
| Restlessness, irritability | (Yes) | No |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | (Yes) | No |
| Negative impact on my job | (Yes) | No |
| Negative impact on my relationship | (Yes) | No |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

I have received several voicemails as well as threatening calls from GC Services. My supervisors have advised me several times that the calls must stop.

I swear, under the penalty of perjury, that the above is true:

Rachel Fandino
Print Name Above

Sign Name Above

STATE OF Florida
COUNTY OF Duval
The foregoing instrument was acknowledged before me this 17th Aug 10 by Rachel Fandino who is personally known to me or who has produced Florida Drivers Lic # F535 720 86599 0 as identification.

Subscribed and sworn to before me this 17th day of Aug, 2010.

Notary Public

ELIZABETH DABU
Commission DD 775111
Expires April 2, 2012

Exhibit No. 3

**From:** Beatrice Talkington
**Sent:** Friday, July 30, 2010 1:05 PM
**To:** Rachel Fandino (IC)
**Subject:** RE: Grace - GC Services

Any time....let me know if there is anything I can do to assist.

| | |
|---|---|
| **From:** | Rachel Fandino (IC) |
| **Sent:** | Thursday, July 29, 2010 2:15 PM |
| **To:** | Beatrice Talkington |
| **Subject:** | RE: Grace - GC Services |

Beatrice,

Thank you for your email.
I apologize Grace has been calling.
I have advised GC Services on several occasions to not contact me at work.
Thanks again for your email and I will try to not allow this to happen again.

Rachel

**From:** Beatrice Talkington
**Sent:** Monday, July 26, 2010 2:58 PM
**To:** Rachel Fandino (IC)
**Subject:** Grace - GC Services

Rachel,

Grace from GC Services has called for you and requested information several times, which I could not release. She stated she is going to mail me a verification of employment and I just wanted to let you know. The only things we can release without your authorization are: job title and dates of service. I have not seen anything come through yet, but just wanted you to know.....

Beatrice Talkington
HR Manager
Coach Services, Inc.
Phone: 904-741-5617
Fax: 904-741-5601
Email: btalkington@coach.com

Letter from my
HR manager.

| Glenn S. Banner/HC22 | To | Frances T. Brozowski/HC22@HC |
|---|---|---|
| 09/14/2010 01:28 PM | cc | |
| | bcc | |
| | Subject | Fw: Fandino v. GC Services (Matter No. 915853) |

Fran - please set up a file  - we will be assiting Carlos.

**Glenn S. Banner, Esq.**

50 N. Laura Street, Suite 2200, Jacksonville, Florida, 32202
Tel: 904-359-9620  |  Fax: 904-359-9640
E-mail: GBanner@hinshawlaw.com

# HINSHAW
& CULBERTSON LLP

----- Forwarded by Glenn S. Banner/HC22 on 09/14/2010 01:28 PM -----

| | Carlos A. Ortiz/HC01 | | |
|---|---|---|---|
| | 09/14/2010 01:27 PM | To | Glenn S. Banner/HC22@HC |
| | | cc | Frances T. Brozowski/HC22@HC |
| | | Subject | Fandino v. GC Services (Matter No. 915853) |

Hi Glen:

Thanks for your time on the phone.

Attached is a copy of the Complaint in the above-referenced matter.
The goal is to get the removal papers on file with the Middle District by this Friday.
I will prepare and send to you.

Please let me know if you have any questions.

Thanks.

**Carlos A. Ortiz, Esq.**
HINSHAW & CULBERTSON LLP
222 N LaSalle Street, Suite 300, Chicago, IL 60601
Tel: 312.704.3198  |  Fax: 312.704.3001
E-mail: cortiz@hinshawlaw.com

# HINSHAW
& CULBERTSON LLP

- ~1667100.pdf